﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190823-28069
DATE: June 30, 2020

REMANDED

Entitlement to a rating in excess of 20 percent for lumbosacral strain and degenerative arthritis is remanded.

REASONS FOR REMAND

The Veteran served on active duty from June 1973 to July 1985.

By way of history, a January 2018 rating decision awarded an increased (20 percent) rating for the Veteran’s service-connected lumbosacral strain and degenerative arthritis, effective October 17, 2017. He submitted a timely notice of disagreement with the rating assigned; a statement of the case (SOC) was issued in July 2019 and a Supplemental SOC (SSOC) was issued in August 2019. Thereafter, in August 2019, the Veteran filed an opt-in election form (VA Form 10182) in which he elected the direct review appeal lane pursuant to the Appeals Modernization Act (AMA). Thus, the Board may only consider evidence of record at the time of issuance of the August 2019 SSOC.

The Veteran’s representative maintains, and the Board agrees, that the most recent VA examinations regarding the Veteran’s service-connected lumbar strain and degenerative arthritis (in December 2017, July 2018 and August 2019) are inadequate. Specifically, they do not comply with the requirements in Correia v. McDonald, 28 Vet. App. 158, 168 (2016) or Sharp v. Shulkin, 29 Vet. App. 26, 34-36 (2017). 

Under Correia, VA examinations of joints are required to record a veteran’s relevant joint’s active and passive ranges of motion, and to test a veteran’s relevant joint for pain on both active and passive motion, in weight bearing and non-weight bearing, and, if possible, to conduct similar tests on a veteran’s opposite, undamaged joint. Correia v. McDonald, 28 Vet. App. 158 (2016). Here, the 2017 examination report notes evidence of pain on weight bearing, but does not contain range of motion findings in active, passive, weight bearing and non-weight bearing. The 2018 examination report notes evidence of pain on both weight bearing and non-weight bearing testing, but does not indicate range of motion findings in degrees for both. The 2019 examination report notes evidence of pain on passive range of motion testing and in non-weight bearing, but again does not provide range of motion findings in degrees for each. 

Furthermore, in Sharp v. Shulkin, the United States Court of Appeals for Veterans Claims (Court) addressed the adequacy of a VA examiner’s report when providing an opinion regarding functional loss during flare-ups of a musculoskeletal disability, pursuant to DeLuca v. Brown, 8 Vet. App. 202 (1995). The Court held that before a VA examiner opines that he or she cannot offer an opinion as to additional functional loss during flare-ups without resorting to speculation based on the fact that the examination was not performed during a flare, the examiner must “elicit relevant information as to the veteran’s flares or ask him to describe the additional functional loss, if any, he suffered during flares and then estimate the veteran’s functional loss due to flares based on all the evidence of record, including the veteran’s lay information, or explain why he could not do so.” See Sharp at 33. Here, the 2017 and 2018 VA examiners noted the Veteran’s complaints of flare-ups, and noted that these flare-ups would cause additional functional loss. In 2019, the VA examiner noted the Veteran’s report of flare-ups of pain to 10/10, but did not provide any information on any additional functional loss suffered during flare-ups or an opinion as to the additional loss of range of motion due to the Veteran’s flare-ups, instead recording “N/A” on this part of the examination report. .

Consequently, the Veteran should be afforded a new examination for his service-connected low back disability that complies with Correia and Sharp.

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination by an appropriate clinician to determine the current severity of his service-connected lumbar strain and degenerative arthritis. The claims file should be made available to the clinician to review. A complete history should be elicited from the Veteran, and any tests and studies deemed necessary by the examiner should be conducted. All findings should be reported in detail. The following should be included in the report:

a. Range of motion testing should be undertaken, to include after repetitive use. The examiner is to report the range of motion measurements in degrees. The examiner should consider whether there is likely to be additional range of motion loss due to any of the following: (1) during flare-ups; (2) after repetitive use over time; (3) in weight bearing and non-weight bearing; and (4) as a result of pain, weakness, fatigability, or incoordination.

b. The examiner should offer opinions with respect to the additional limitation of motion during flare-ups based on estimates derived from information procured from relevant sources, including the Veteran’s lay statements. It is insufficient to conclude that the requested opinion cannot be rendered without resorting to speculation based solely on the fact that the VA examinations were not performed during a flare-up.

c. The examiner should also address whether there is a difference in active range of motion versus passive range of motion. If so, the examiner is asked to describe the additional loss, in degrees, if possible. In any event, the examiner should fully describe the any associated functional limitations. 

d. The examiner must, at a minimum, ask the Veteran to describe the severity, frequency, duration, and functional loss manifestations related to flare-ups, to include whether there have been any changes since the last examination.

e. If the examiner is unable to render the requested opinions without resorting to speculation, he or she must so state. However, a complete explanation for such a finding must be provided, such as whether there is inadequate factual information, whether the question falls within the limits of current medical knowledge or scientific development, whether the cause of the condition in question is truly unknowable, and/or whether the question is so outside the norm of practice that it is impossible for the examiner to use his or her medical expertise and training to render an opinion.

 

 

A. ISHIZAWAR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. R. Fletcher, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.